UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT HADERER,

                        Plaintiff,

                                        **Hon. Hugh B. Scott**

                    v.                                **15CV676A**

                                                **Report**
                                                **and**
CAROLYN W. COLVIN, Acting           **Recommendation**
Commissioner of Social Security[1],

                        Defendant.

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 6 (plaintiff), 9, (defendant Commissioner)).

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits and/or Supplemental Security Income benefits.

## PROCEDURAL BACKGROUND

The plaintiff ("Robert Haderer" or "plaintiff") filed an application for disability insurance benefits on August 3, 2012. That application was denied initially and on reconsideration. The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case de novo and concluded, in a written decision dated February 27, 2014, that the plaintiff was not disabled

---

[1]On February 14, 2013, Carolyn W. Colvin became acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Colvin is substituted for the now former Commissioner Michael Astrue as Defendant in this action; no further action is required, 42 U.S.C. § 405(g).

within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner on June 5, 2015, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on July 24, 2015 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 6, 9). The motions were deemed submitted on June 16, 2016 (Docket No. 8).

## FACTUAL BACKGROUND[2]

Plaintiff was born on April 28, 1956, and he has a high school education (R. 25). His past relevant work included being a truck driver, a newspaper deliverer, and a propane truck driver (R. 25). He claims that he was disabled on November 2009 following an automobile accident with his truck (R. 37; Docket No. 6, Pl. Memo. at 3).

## MEDICAL AND VOCATIONAL EVIDENCE

Plaintiff complains of impairments of depressive disorder and anxiety disorder (R. 17). The ALJ found that these conditions did not meet or exceed the listings for affective disorder (Listing 12.04) or anxiety-related disorder (Listing 12.06) (R. 19). Applying the Social Security regulations for mental impairments, the so-called "Paragraph B criteria," the ALJ also found that plaintiff had no restrictions for his activities of daily living; he had only moderate difficulties with social functioning; he also had moderate difficulties in concentration, persistence and pace; and had one to two episodes of decompensation, hence no marked limitations (R. 19-20). The ALJ then concluded that "Paragraph C criteria" also were not met since there was no evidence of repeated episodes of decompensation of extended duration (R. 20).

---

[2]References noted as "(R.__)" are to the certified record of the administrative proceedings, Docket No. 5.

Plaintiff also claims back and leg pain, but the ALJ found that these were only slight abnormalities and were not severe impairments (R. 18).

Plaintiff in his disability application noted that he had problems paying attention and was easily distracted (R. 162; Docket No. 6, Pl. Memo. at 3). He later testified before the ALJ that he had problems sitting for prolonged periods due to his nervousness such that he gets up a lot (R. 42). He takes Prozac and Trazodone as mental health medication (R. 42). Plaintiff's wife, Mary, testified that plaintiff cannot focus or concentrate and that he does not do anything without her (R. 50, 51); that plaintiff daily slept from 8 pm to noon the next day (R. 50). She related an incident in which plaintiff became anxious in a crowded store (R. 51). When plaintiff was hospitalized in 2010, Mary testified that he became paranoid and thought people were in their house and that he had a camera in his eye (R. 53-54). (See Docket No. 6, Pl. Memo. at 4-5.)

The ALJ determined that plaintiff had the residual functional capacity for medium work, except no high production demands, no multi-tasking, no work with general public and no more than frequent contact with co-workers or supervisors; simple, routine, repetitive work. Plaintiff could not do work that requires prolonged walking more than one half mile at a stretch; climbing ladders, ropes, or scaffolds; and no climbing other than more than occasional stairs or ramps and no more than occasional balancing, stooping, kneeling, crouching or crawling (R. 20). "Medium work" is defined in the regulations, 20 C.F.R. § 404.1567(c), as being capable of lifting no more than 50 pounds, with frequent lifting or carrying up to 25 pounds (can do sedentary and light work as well). The ALJ also found that plaintiff cannot perform his past relevant work (R. 25).

The ALJ found plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms were not entirely credible (R. 24). Plaintiff's complaints of depression

3

and anxiety are not reflected in the medical record, with plaintiff not being hospitalized since 2010 (while claiming an onset date of November 25, 2009) and treatment notes do not reveal that his symptoms are not controlled when he was on medication (R. 24).

Posing plaintiff's circumstances as a hypothetical claimant, vocational expert Amy Leopold opined that the claimant working at a medium level could work as a cleaner or a hand packager, while at a light level of work could be a garment bagger or mail clerk—not postal (R. 26, 64-65). Part of the hypothetical presented is a claimant who should avoid working in high stress situations (R. 61-62).

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from returning to his or her previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

> (1) whether the plaintiff is currently working;
>
> (2) whether the plaintiff suffers from a severe impairment;
>
> (3) whether the impairment is listed in Appendix 1 of the relevant regulations;
>
> (4) whether the impairment prevents the plaintiff from continuing past relevant work; and
>
> (5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.

1992).   However, it should be noted that the ALJ has an affirmative duty to fully develop the record.   Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

In order to determine whether an admitted impairment prevents a claimant from performing past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that has done in the past.   20 C.F.R. §§ 404.1520(e) & 416.920(e).   When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work."   See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994).   The ALJ must then determine the individual's ability to return to past relevant work given the claimant's residual functional capacity.   Washington, supra, 37 F.3d at 1442.

*Application*

In the instant case, plaintiff argues that the residual functional capacity finding was not supported by substantial evidence (Docket No. 6, Pl. Memo. at 12-14).   The ALJ's finding failed to consider plaintiff's ability to sustain full-time work on an eight-hour day, five days a work week (id. at 12), Soc. Sec. Ruling 96-8p, 1996 SSR LEXIS 5, at *1.   Plaintiff's severe impairments would have him off task more than fifteen percent of the workday (id.) and that he would have excessive absences which employers would not tolerate (id. at 12-13).   He contends that the opinions of Drs. Robert Hill (Ph.D.) and Hillary Tzetzo (R. 229-34, 233, 70-72, 23-24, 24), that plaintiff could not sustain a job for a full workday or work week, are entitled to great weight (id. at

6

12-14; see Docket No. 10, Pl. Reply Memo. at 1, 2; R. 25).   The ALJ found that Dr. Tzetzo's findings, although not from an examiner, "seem[ed] fairly reliable" (R. 24), and were given great weight (R. 25).

Plaintiff also argues that the ALJ's credibility assessment of him also was not supported by substantial evidence (Docket No. 6, Pl. Memo. at 14-15).   Plaintiff's subjective complaints should have been given great weight (id.) and should have been credited by the ALJ given plaintiff's good work record (id. at 15).   Upon further reflection, in his reply plaintiff withdraws his credibility argument (Docket No. 10, Pl. Reply Memo. at 4).

*Residual Functional Capacity*

Plaintiff contends that the residual functional capacity finding cannot be supported because it does not address whether plaintiff could sustain full-time work (that is, 8 hours a day, 5 days a week) (Docket No. 6, Pl. Memo. at 12).   He argues that this finding must include discussion of the claimant's capability to perform full time work (id.), see Soc. Sec. Ruling 96-8p.   Plaintiff argues that the "moderate" finding of Dr. Tzetzo for maintaining concentration, persistence or pace (R. 71; Docket No. 6, Pl. Memo. at 13), while vague "could be interpreted as leading to plaintiff being off task for at least 15% of the workday" (Docket No. 6, Pl. Memo. at 13).   Dr. Tzetzo opined that plaintiff was not disabled despite his limitations (R. 71).   Plaintiff would have this Court disregard that finding as being the ultimate determination of the Commissioner (Docket No. 10, Pl. Reply Memo. at 3).   Nevertheless, the ALJ accorded great weight to Dr. Tzetzo's findings (R. 25).

Dr. Hill found that plaintiff was able to maintain "some attention and concentration," that he was able to keep a regular schedule "generally," was "able to make appropriate decisions and relate generally adequately with others," while having trouble dealing with stress "at times"

7

(R. 232).   Plaintiff may have "some trouble dealing with stress at times" (R. 232).   Dr. Hill concludes that "the results of the present evaluation appear to be consistent with some psychiatric problems, but in and of itself, this does not appear to be currently significant enough to interfere entirely with the claimant's ability to function on a daily basis" (R. 232).   The ALJ gave this opinion great weight since it was based upon personal observations, examination findings, and was consistent with the medical record (R. 25).

Although the ALJ did not expressly address plaintiff's ability to work continuously, the record does not indicate that this would be an issue.   Plaintiff, however, argues that Drs. Hill and Tzetzo support his view that he could not work a full workday due to his condition (Docket No. 6, Pl. Memo. at 12-14).   But as plaintiff points to the vagueness of both doctors' findings, these opinions do not establish that plaintiff has a problem being off task to a degree that his employment might be jeopardized.   The rest of the record before the ALJ does not indicate that plaintiff would have a problem of frequent absences or being off task to the degree that employers would not hire or retain him.   He also relies upon the hypothetical posed to the vocational expert if a claimant were off task for 15% or more of the workday, that worker would not sustain their job (R. 65).   But this testimony came when plaintiff's counsel asked about what an employer would tolerate regarding an employee's time off task (R. 65) without a basis for stating that plaintiff would be off task for that much time per day.

Plaintiff's motion for judgment (Docket No. 6) thus should be **denied**, while defendant Commissioner's motion for similar relief (Docket No. 9) should be **granted**.

**CONCLUSION**

For the foregoing reasons, this Court recommends that the decision of the Commissioner be **AFFIRMED**.  Defendant's motion for judgment on the pleadings (Docket No. 9) should be **GRANTED** and plaintiff's motion for similar relief in his favor (Docket No. 6) should be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**Any objections to this Report & Recommendation *must* be filed with the Clerk of this Court *within fourteen (14) days* after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).  <u>Failure to file objections to this report & recommendation within the specified time or to request an extension of such time waives the right to appeal any subsequent district court's order adopting the recommendations contained herein.</u>**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on *de novo* review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

*s/Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
October 13, 2016