```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

ROBERT HADERER,

                          Plaintiff,

       -vs-                         **No. 1:15-CV-00676 (MAT)**
                                           **DECISION AND ORDER**

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                        Defendant.

___

**I.   Introduction**

Represented by counsel, Robert Haderer ("plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter was initially before the Court on the parties' cross motions for judgment on the pleadings.[1] The parties' motions were referred to Magistrate Judge Hugh B. Scott for consideration of the factual and legal issues presented, and to prepare and file a Report and Recommendation ("R&R") containing a recommended disposition of the issues raised.

By R&R dated October 13, 2016, Magistrate Judge Scott recommended that the Commissioner's motion be granted. Doc. 11. Plaintiff filed objections on October 27, 2016. Doc. 12. For the

___

[1] This case was originally assigned to Judge Richard Arcara, who referred it to Magistrate Judge Scott for a Report and Recommendation, which was completed and filed on October 13, 2016. The case was referred to this Court by order dated December 2, 2016.

reasons set forth below, the Court overrules plaintiff's objections and adopts the R&R in its entirety.

## II. Procedural History

The record reveals that in August 2012, plaintiff (d/o/b April 28, 1956) applied for DIB, alleging disability as of November 2009. After his application was denied, plaintiff requested a hearing, which was held before administrative law judge Donald McDougall ("the ALJ") on December 30, 2013. The ALJ issued an unfavorable decision on February 27, 2014. The Appeals Council granted review of that decision and this timely action followed.

## III. Report and Recommendation

Plaintiff's motion for judgment on the pleadings argues that (1) the ALJ's RFC assessment was unsupported by substantial evidence because it did not account for plaintiff's ability to sustain work on a full-time basis; and (2) the ALJ's credibility assessment was erroneous. The R&R concluded that the RFC assessment was supported by substantial evidence and that the ALJ's credibility assessment was proper. Accordingly, the R&R recommended that the Commissioner's motion be granted.

## IV. Discussion

When reviewing a magistrate judge's report and recommendation, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" 28 U.S.C. § 636(b), and "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge[.]" Id. Plaintiff objects to Judge Scott's conclusions that (1) the ALJ adequately accounted for plaintiff's ability to sustain full-time work; (2) the opinions of consulting psychologists Drs. Hill and Tzetso supported the RFC; and (3) the ALJ properly assessed plaintiff's credibility.

The Court has reviewed the administrative record, the medical portion of which is relatively sparse. The Court finds that Judge Scott's recommendations are fully supported by this record. Plaintiff's primary argument is that the opinions of Drs. Hill and Tzetzo "*could* be interpreted as leading to plaintiff being off task for at least 15% of the workday." Doc. 6-1 at 13 (emphasis added). However, "whether there is substantial evidence supporting the [claimant]'s view is not the question . . . ; rather, [the Court] must decide whether substantial evidence supports *the ALJ's decision*." Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis added) (citation omitted).

The Court similarly finds that plaintiff's argument regarding credibility is not persuasive, as the ALJ's decision makes clear that he applied the relevant legal principles when considering the issue. See, e.g., Britt v. Astrue, 486 F. App'x 161, 164 (2d Cir. 2012) (finding explicit mention of 20 C.F.R. § 404.1529 and SSR 96-7p as evidence that the ALJ used the proper legal standard in assessing the claimant's credibility). Accordingly, the Court adopts the R&R in its entirety.

3

**V.  Conclusion**

The Court hereby adopts the R&R (doc. 11) in its entirety. For the reasons discussed in this Decision and Order as well as those set forth in the R&R, the Commissioner's motion for judgment on the pleadings (Doc. 9) is granted and plaintiff's motion (Doc. 6) is denied. Plaintiff's objections (doc. 12) are overruled. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        **S/Michael A. Telesca**
                                        HON. MICHAEL A. TELESCA
                                        United States District Judge

Dated:    December 16, 2016
          Rochester, New York.